UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES L. DAVIS,<br><br>                    Plaintiff,<br><br>         v.<br><br>DEPARTMENT OF ADULT PAROLE OPPERATIONS HANFORD,<br><br>                    Defendant. | Case No. 1:19-cv-01142-DAD-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDERS AND FAILURE TO PROSECUTE<br><br>TWENTY-ONE DAY DEADLINE |

Plaintiff, Charles L. Davis, is proceeding *pro se* and *in forma pauperis* in this action. The address of record for Plaintiff indicates that he is no longer incarcerated. (*See* ECF No. 12.)[1] For the reasons discussed below, the Court recommends that the case be dismissed without prejudice for failure to comply and failure to prosecute.

On February 10, 2020, the Court issued an Order Setting An Initial Scheduling Conference And Requiring Initial Disclosures And Scheduling Conference Statements. (ECF No. 21.) This order set an Initial Scheduling Conference for May 13, 2020, at 1:30 p.m., and noted that attendance at the Initial Scheduling Conference was mandatory. (*Id*.) The order

---

[1] The Court updated Plaintiff's address based on the change of address Plaintiff filed in another case Plaintiff had pending before the Court, *Davis v. Hanford Police Department*, Case No. 1:19-cv-01204-EPG-DAD, in which Plaintiff stated that he was no longer in the Kings County Jail and provided an updated address of 1008 South 3rd St., #406, San Jose, CA 95112. (*See* ECF No. 6 in case No. 1:19-cv-1204-DAD-EPG).

1

granted the parties leave to appear at the conference by phone and provided instructions on how to do so. (*Id.* at 2.) The order also required that the parties make their initial disclosures at least thirty days prior to the Initial Scheduling Conference and file a scheduling conference statement at least two weeks before the Initial Scheduling Conference. (*Id.* at 2-4.) The order was served on Plaintiff by U.S. mail at his address of record.

The mandatory Initial Scheduling Conference was held on May 13, 2020, at 1:30 p.m. as scheduled. Byron Miller appeared for Defendant. Plaintiff failed to appear. Plaintiff also failed to file a scheduling conference statement, and according to Counsel for Defendant, Plaintiff had not made his initial disclosures.

On May 13, 2020, the Court entered an order to show cause ("OSC"), requiring Plaintiff to show cause why he should not be sanctioned up to and including dismissal of this action for failing to appear at the Initial Scheduling Conference, for failing to file a scheduling conference statement, and for failing to make initial disclosures (ECF No. 26). Plaintiff was directed to file a written response to the OSC within fourteen days (*id.*). The OSC was served on Plaintiff by U.S. mail sent to Plaintiff's address of record.

More than fourteen days have passed since the OSC was issued by the Court and Plaintiff has not filed a written response as ordered by the Court and has not otherwise contacted the Court.

A court may involuntarily dismiss a case where "the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order. . . ." Fed. R. Civ. P. 41(b); *see Hells Canyon Preservation Council v. U. S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (a court may *sua sponte* involuntarily dismiss a case under Rule 41(b) for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders). "In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation

omitted); *accord Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010*); In re Phenylpropanolamine Prods. Liab. Litig.* (*"In re PPA"*), 460 F.3d 1217, 1226 (9th Cir. 2006). These factors are "not a series of conditions precedent before the judge can do anything," but a "way for a district judge to think about what to do." *In re PPA*, 460 F.3d at 1226 (citation omitted).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (quotation marks omitted). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. . . ." *Pagtalunan*, 291 F.3d at 642.  Here, Plaintiff's lack of response to and failure to comply with the Court's orders leaves the Court no other reasonable alternative to address Plaintiff's failure to comply and prosecute this case. *See In re PPA*, 460 F.3d at 1228-29; Carey, 856 F.2d at 1441. This factor accordingly weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Patagalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Id.* at 643. Plaintiff's failure to respond to and comply with the Court's orders has and will continue to cause a delay in this proceeding. Therefore, this third factor weighs in favor of dismissal.

As to the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, considering Plaintiff's *in forma pauperis* status and Plaintiff's failure to respond and comply with the Court's previous orders. Further, given the stage of these proceedings, the preclusion of evidence or witnesses is not available.

Finally, because public policy favors disposition on the merits, this final factor weighs against dismissal. *Id.*

After weighing the factors, the Court finds that dismissal is appropriate.  Accordingly, the Court HEREBY RECOMMENDS that:

1.  This action be dismissed because of Plaintiff's failure to comply with the Court's orders and to prosecute this case; and

2.  The Clerk of Court be directed to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days of the date these Findings and Recommendations are entered, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 8, 2020**                    /s/ Erica P. Grosjean
                                           UNITED STATES MAGISTRATE JUDGE